**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Theodore Parisienne, ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| Kollege Kidd LLC, ) | DEMAND FOR JURY TRIAL |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Theodore Parisienne ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Kollege Kidd LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a Website known as kollegekidd.com (the "*Website*").

4. Defendant owns and operates a media account on YouTube named as "Kollege Kidd" ("*YT Account*").

5. Defendant owns and operates a social media account on Facebook named as "@kollegekidd" ("*FB Account*").

6. Defendant, without permission or authorization from Plaintiff actively copied,

7. stored, and/or displayed Plaintiff's Photograph on the Website, YT Account, and FB Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Theodore Parisienne is an individual who is a citizen of the State of New York and who resides in Queens County, New York.

9. Upon information and belief, Defendant Kollege Kidd LLC, is an Ohio limited liability company with a principal place of business in Toledo, Ohio and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Kollege Kidd LLC because it maintains its principal place of business in Ohio.

12. Venue is proper under 28 U.S.C. §1391(a)(2) because Kollege Kidd LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

14. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15. Plaintiff has obtained active and valid copyright registrations from the United States

Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17. Upon information and belief, Kollege Kidd LLC is the owner of the Website and is responsible for their content.

18. Upon information and belief, Kollege Kidd LLC is the operator of the Website and the Accounts and is responsible for their content.

19. The Website is a popular and lucrative commercial enterprise.

20. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

21. The Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activites.

22. YT Account and FB Account (hereinafter collectively "*Accounts*") are associated with Defendant.

23. Defendant has exclusive access to post content on the respective Accounts.

24. Defendant uses the Accounts to promote its business and brand whereby Defendant financially benefits.

25. In January 2017, Plaintiff first published a photograph of Daryl Campbell being escorted by officers of the New York City Police Department from Manhattan's 13th precinct to a court proceeding (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

26. Plaintiff applied to the USCO to register the Photograph on or about March 27, 2017 under Application No. 1-4487737785.

27. The Photograph was registered by the USCO on March 27, 2017 under Registration No. VA 2-036-436.

28. On April 7, 2022, Plaintiff first observed the Photograph on the Website in a story dated January 16, 2017. A copy of the screengrab of the Website including the Photograph is attached hereto collectively as Exhibit 2.

29. The Photograph was displayed on the Website at URL: https://kollegekidd.com/news/taxstone-charged-in-troy-ave-shooting/ and at URL: https://kollegekidd.com/news/tag/troy-ave/ (*Exhibit 2-Infringement #1-2*).

30. The Photograph was stored on the Website at URL: https://kollegekidd.com/wp-content/uploads/2017/01/taxstonearrest-300x155.jpg.

31. Furthermore, Plaintiff observed the Photograph on YT Account and FB Account.

32. A copy of the Photograph was displayed on YT Account at www.youtube.com at URL: https://www.youtube.com/watch?v=vcAsNUoMjJM&t=66s (*Exhibit 2-Infringement # 3*).

33. Additionally, the Photograph was displayed on the FB Account at the following URLs:

a) https://www.facebook.com/kollegekidd/posts/1945383722356476 (*Exhibit 2-Infringement # 4*);

b) https://www.facebook.com/kollegekidd/posts/1946248778936637 (*Exhibit 2-Infringement # 5*);

c) https://www.facebook.com/kollegekidd/posts/1967361540158694 (*Exhibit 2-Infringement # 6*);

d) https://www.facebook.com/kollegekidd/posts/2040243709537143 (*Exhibit 2-Infringement # 7*);

e) https://www.facebook.com/kollegekidd/posts/2065268947034619 (*Exhibit 2-Infringement # 8*);

f) https://www.facebook.com/kollegekidd/photos/a.1824711101090406/2997472733814231 (*Exhibit 2-Infringement # 9*);

g) https://www.facebook.com/kollegekidd/posts/pfbid0gqKWTnEHKt1kY1yepha4Wi3Di8AwzySXPhjpsNo8XTFTd4Lr9C4WwJ8dBiGZeqUSl (*Exhibit 2-Infringement # 10*).

34. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff's copyright protected Photograph as is set forth in Exhibit "1" on the Website as well the Accounts.

35. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively as the "*Infringements*" and singularly as the "*Infringement*").

36. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitute a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

37. Each Infringement includes copy of the vast majority of Plaintiff's original image that was directly copied and stored by Defendant on the Website and the Accounts.

38. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and the Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's

Photograph.

39. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, who post content on the Website under the alias "KollegeKidd Staff" ("*Employees*").

40. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

41. Upon information and belief, the Photograph was willfully and volitionally posted to the Website and the Accounts by Defendant.

42. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website as well as the Accounts and exercised and/or had the right and ability to exercise such right.

44. Upon information and belief, Defendant monitors the content on its Website and the Accounts.

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

46. Upon information and belief, the Infringement increased traffic to the Website and the Accounts and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and the Accounts.

48. Upon information and belief, Defendant at all times had the ability to stop the

reproduction and display of Plaintiff's copyrighted material.

49. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

53. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

54. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

56. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringements on the Website and the Accounts.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to

   17 U.S.C. § 504(c), whichever is larger;

 c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

 d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

 e. for pre judgment interest as permitted by law; and

 f. for any other relief the Court deems just and proper.

DATED: January 25, 2022

**SANDERS LAW GROUP**

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125875

*Attorneys for Plaintiff*