IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Theodore Parisienne, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No: 3:23-cv-00150-JZ<br>) |
| Kollege Kidd LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

**DECLARATION OF THEODORE PARISIENNE IN SUPPORT
OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Theodore Parisienne, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury, as follows:

1. I am an adult and am a citizen of the State of New York, residing in Queens County, New York. I am the Plaintiff in this action and, as such, have first-hand knowledge of all facts and circumstances upon which this Declaration is based, except for those facts and circumstances set forth upon information and belief and, as to those facts, I believe them as true.

2. I submit this Declaration in support of my application for a default judgment against Defendant Kollege Kidd LLC ("*Kollege Kidd*" or "*Defendant*").

3. I am a photojournalist by trade and am the legal and rightful owner of photographs which I license to online and print publications.

4. I have invested significant time and money in building my photograph portfolio.

5. I have obtained active and valid copyright registrations from the United States

Copyright Office (the "*USCO*") which cover many of my photographs while others are the subject of pending copyright applications.

6. My photographs are original, creative works in which I own protectable copyright interests.

7. Relevant to this case, on January 17, 2017, I authored a photograph of hip-hop musician Daryl Campbell, professionally known as "Taxstone," being escorted by members of the New York City Police Department after his arrest for an alleged fatal shooting (the "*Photograph*"). *A copy of the Photograph is annexed to my Complaint as Dkt. No.* 1-1.

8. I applied to the USCO to register the Photograph on or about March 27, 2017, under Application No. 1-4487737785.

9. The Photograph was registered by the USCO on March 27, 2017, under Registration No. VA 2-036-436. *A copy of the registration certificate for the Photograph is attached hereto as Exhibit 1*.

10. I licensed the Photograph to the New York Daily News and authorized it to display my Photograph on its associated website. The Daily News' display of my Photograph included a credit at the bottom left of the website display, indicating that I was the author of the Photograph. *See* http://www.nydailynews.com/new-york/nyc-crime/man-charged-irving-plaza-shooting-t-show-article-1.2947381.

11. In creating the Photograph, I first had to identify the precinct at which Mr. Campbell was being held. I then had to find an appropriate location that would be sufficient to capture a quality photograph on the one hand, but not close enough so as to potentially interfere. I then selected the angle, the equipment by which the photographic capture was rendered, as well as determining the timing and lighting of the image.

12. Upon information and belief, Kollege Kidd LLC, is an Ohio limited liability company with a principal place of business in Toledo County, Ohio.

13. Upon information and belief, Defendant owns and operates a website known as www.kollegekidd.com (the "*Website*").

14. Defendant's Website focuses on events and persons within the "hip-hop" community. *See generally* https://www.kollegekidd.com.

15. Upon information and belief, the Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

16. Upon information and belief, the Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

17. Defendant owns and operates a social media account on Youtube at www.youtube.com with the name "Kollege Kidd" ("*YT Account*").

18. Defendant owns and operates a social media account on Facebook at www.facebook.com with the name "@kollegekidd" ("*FB Account*").

19. Defendant uses YT Account and FB Account (collectively, the "*Accounts*") in conjunction with the content appearing on the Website, whereby the Accounts serve to amplify Defendant's business and brand.

20. On April 7, 2022, I observed my Photograph on the Website in a story dated January 16, 2017 ("*Infringement 1*").  A *copy of Infringement 1 is annexed to my Complaint as Dkt. No.* 1-2.

21. I commenced this action upon my discovery of the Infringement and determination that Defendant had not obtained a license or other permission from me to display the Photograph.

22. My Photograph was displayed on Defendant's Website at URL:

3

https://kollegekidd.com/news/taxstone-charged-in-troy-ave-shooting/ and stored at URL: https://kollegekidd.com/wp-content/uploads/2017/01/taxstonearrest-300x155.jpg.

23. Further, Defendant displayed and stored my Photograph on YT Account as well as FB Account.

24. I did not grant Defendant a license to use my Photograph and did not assign any of my rights or interests in the Photograph to Defendant.

25. Upon information and belief, Defendant actively copies, stores and displays stolen photographs, including my own, on its Website for the purpose of attracting viewers to the Website. Upon further information and belief, all monies received by Defendant from the increased traffic to its Website is pure profit, because Defendant does not pay any licensing fees to owners of the content it appropriates for itself.

26. Defendant's unauthorized copying, storage and display of my Photograph infringes on my Copyright interests.

27. I am advised that the Copyright Act allows this Court to award an amount between $750 and $30,000 for an infringement of copyright, but, that the Court may award up to the sum of $150,000 if the infringement is found to be willful.

28. In light of Defendant's infringement of my work, I respectfully request that the Defendant pay the sum of $17,500.00 in statutory damages. I base this demand on the observation that the licensing fee for a similar photograph from Getty Images, the leading stock photography agency, shows the image may be licensed for a minimum of $3,055.00 for advertorial use, which is defined as the use in an editorial style article (any placement - print or electronic) intended to indirectly promote a product or service. *A PDF printout of a Getty Images comparable is attached hereto as Exhibit 2.*

29. I believe my Photograph is superior to the Getty Images comparable and, as such, had Defendant asked for a license prior to stealing my Photograph, I would not have charged any less than that which Getty Images would charge for its comparable, however, the fee I would have charged, had Defendant properly asked my permission to use the Photograph, would have exceeded the Getty Images license fee. Specifically, I would have charged Defendant a license fee of $3,500.00 depending on where Defendant wanted to feature the Photograph, and for how long it wanted to use the Photograph.

30. The closest Getty Images comparable is a photo of the primary subject, Dylan Campbell, at the Highline Ballroom in 2015. The image features two other hip-hop musicians, namely "Loyal Duce, and "Fame School Tell" interacting with Campbell with Campbell's hands clasped together.

31. By comparison, in my Photograph, Campbell is being led from a Manhattan police precinct, while handcuffed, with officers from the New York City Police department flanking either side of him. Campbell is on route to a scheduled court appearance for an alleged fatal shooting at a concert.

32. The difference between my Photograph and the Getty Image comparable is that a photograph of a happenstance social gathering is likely to be featured as a side-story of moderate interest. By contrast, a photograph of a hip-hop musician, arrested for an alleged shooting, is a hot-button and/or controversial topic to the vast majority of Defendant's readers and subscribers and would likely be "front page news." As such, my Photograph would have a greater value to Defendant than it would to many other media outlets.

33. In light of the foregoing, I ask the Court to find a multiplier of five (5) times the licensing fee I would have charged Defendant had Defendant sought a license to utilize my work

to be an appropriate statutory award in this case, insofar as I am advised that one of the purposes of a statutory award under the Copyright Act intended to encompass a punitive component, so as to impress upon the infringer that it is cheaper to comply with Copyright, rather than to violate it. It is my further understanding that statutory awards under the Copyright Act are to also serve as a deterrent to would-be infringers, similarly impressing on them that it is less expensive to comply with Copyright than it is to infringe.

34. My request for an enhancement of damages is particularly relevant where, as here, if any person or entity could acquire my Photograph, as Defendant did here, by merely appropriating it without any consequence, it would bring about the end of my professional livelihood, because I would be deprived of the right to be compensated for the works I create.

35. I affirm that the foregoing is true and correct under penalty of perjury pursuant to the laws of the States of New York and Ohio, and of the United States of America.

*[signature]*
THEODORE PARISIENNE